| | |
|---|---|
| MATHEW BERNSTEIN, individually and on behalf of all other similarly situated,<br><br>     Plaintiff,<br>  vs.<br><br>UNITED COLLECTION BUREAU, INC.,<br><br>     Defendant. | CASE NO. 13-CV-01251-GPC-KSC<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**<br><br>[Dkt. No. 7] |

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

## I. INTRODUCTION

Plaintiff, Mathew Bernstein, filed the present action individually and on behalf of all others similarly situated, against Defendant, United Collection Bureau, alleging violations of the California Invasion of Privacy Act §632, ("CIPA"). (Dkt. No. 1.) Defendant filed a Motion to Dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 7.)  Plaintiff filed an opposition, (Dkt. No. 10), and Defendant filed a reply, (Dkt. No 12). Pursuant to L. Civ. R. 7.1.d.1, the Court finds the matter suitable for adjudication without oral argument. For the reasons stated below, the Court hereby DENIES Defendant's motion to dismiss.

## II. FACTUAL BACKGROUND

This action pertains to a single phone call between the parties that allegedly violated California privacy law. Plaintiff alleges on February 19, 2013, an agent and employee of Defendant, United Collection Bureau, contacted Plaintiff via telephone to

discuss a mutual client. (Dkt. No. 1, "Complaint" at 4, ¶¶ 7, 9). Plaintiff alleges Defendant recorded the conversation without his permission. (Id.) Plaintiff alleges the phone conversation included discussions protected by attorney-client privilege. (Dkt. No. 1. at 4, ¶ 9). Specifically, Plaintiff alleges the discussion concerned their mutual client's account balance, past due amount, last payment, and settlement offer, as well as personal and private financial information. (Dkt. No. 1 at 4, ¶¶ 9-10). Plaintiff alleges he was not aware of the recording until after he inquired as to whether the conversation was in fact being recorded. (Id.) When Defendant stated that the conversation was being recorded, Plaintiff responded, "I did not consent to that. Please do not record me in the future."(Id.) Defendant then promptly ended the call. (Id.) On May, 29, 2013, Plaintiff filed this suit alleging violation of the California Invasion of Privacy Act Section 632. (Dkt. No. 1.)

### III. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007). A claim has facial plausibility, "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While a plaintiff need not give "detailed factual allegations," a plaintiff must plead sufficient facts that, if true, "raise a right to relief above the speculative level." *Twombly*, 550 at 545. "[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir.2009).

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002). Legal conclusions, however, need not be taken as true merely because they are cast in the form of factual allegations. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir.

2003). In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562.

## IV. DISCUSSION

Defendant moves to dismiss Plaintiff's §632 CIPA claim arguing a service-monitoring exception precludes Plaintiff's entire action. (Dkt. No. 7 at 2-3.) In opposition, Plaintiff argues there is no service-monitoring exception to CIPA. (Dkt. No. 10 at 5.) In reply, Defendant contends Plaintiff failed to sufficiently allege the content of the recorded conversation was confidential in nature, as required under Section 632. (Dkt. No. 12 at 1.) Defendant further argues service-monitoring is a complete defense and CIPA is not intended to exclude service-monitoring. (Id. at 3, 4, 6)

### A. CIPA Service-Observing Exception

Section 632(a) of the California Invasion of Privacy Act states in relevant part:

> Every person who, intentionally and without the consent of all parties to a confidential communication, by means of any electronic amplifying or recording device, eavesdrops upon or records the confidential communication, whether the communication is carried on among the parties in the presence of one another or by means of a telegraph, telephone, or other device, except a radio, shall be punished by a fine not exceeding two thousand five hundred dollars ($2,500), or imprisonment in the county jail not exceeding one year, or in the state prison, or by both that fine and imprisonment.

Cal. Penal Code Section 632(a).

Defendant argues Plaintiff's complaint should be dismissed because a service-observing exception to Section 632 precludes Plaintiff's claim. See Sajfr v. BBG Commc'ns, Inc., 2012 WL 398991 at * 6 (S.D. Cal. Jan. 10, 2012 (noting that service-observing is permissible as an exemption from Section 632 because the legislature deemed that practice to be in the public's best interest). Plaintiff responds that no such exemption exists. (Dkt. No. 10 at 5.)

The Court first observes the plain language of the statute does not include an exemption for "service-observing." Moreover, California courts have held that whether a service observing determination applies cannot be demonstrated at the motion to dismiss stage. *Dake v. Receivables Performance Management,*

*LLC*, Case No. 12-cv-1680 VAP SP, (C. D. Cal. Apr. 16, 2013); *Mirkarimi v. Nevada Property 1 LLC.*, WL 3761530 (S.D. Cal., July 15, 2013). In *Dake,* the court stated,

> "Neither Section 632 nor 632.7 contains an exception for service monitoring. The language of these sections is unambiguous. The Court finds no reason to read an exception into the statute that does not otherwise exist. Morever, even if an exception for service monitoring did exist, [Defendant] cannot demonstrate, at the motion to dismiss stage, that the call recording and monitoring that occurred here was for service purposes."

*Dake,* Case No. 12-cv-1680 VAP SP. Ruling on a similar motion to dismiss a CIPA claim, Judge Moskowitz concluded "[w]hether the 'service observing' exception applies involves a factual determination that Defendant was in fact engaged in such conduct in this case." *Mirkarimi,* WL 3761530 at * 1. Accordingly, Judge Moskowitz denied defendant's motion to dismiss, reasoning "resolution of this issue on the bare record before the Court would be premature."

This Court agrees with the approach taken by the courts in *Dake* and *Mirkarimi*. Here, whether or not a service-observing exception applies requires a factual determination of Defendant's conduct. The Court declines to dismiss Plaintiff's complaint based on an exemption that requires a factual determination.

**B. Confidential Communication**

Defendant next argues Plaintiff has failed to sufficiently allege the conversation was confidential. (Dkt. No. 12 at 1.) Plaintiff responds that he has sufficiently plead a section 632 CIPA violation. (Dkt. No. 10.) Specifically, Plaintiff argues that federal California courts have found the contents of similar conversations to be confidential. (Dkt. No. 10.)

A claim under Section 632 of CIPA "prohibits the recording of a telephone call without consent from all parties, but only if the call includes a 'confidential communication.'" *Flanagan v. Flanagan*, 27 Cal. 4th 766, 768

(2002). The statute defines confidential communication to include "any communication carried on in circumstances as may reasonably indicate that any party to the communication desires it to be confined to the parties thereto, but excludes a communication...in any other circumstance in which the parties to the communication may reasonably expect that the communication may be overheard or recorded." Cal. Penal Section 632(c). In *Flanagan*, the California Supreme Court concluded, "a conversation is confidential under section 632 if a party to that conversation has an objectively reasonable expectation that the conversation is not being overheard or recorded." *Flanagan*, 27 Cal. 4th at 778.

Relying on *Faulkner v. ADT Sec. Svcs., Inc.*, 706 F.3d 1017 (9th Cir. 2013), Defendant argues that Plaintiff had no reasonable expectation that the conversation would not be recorded or overheard. (Dkt. No. 12 at 1-2). In that case, plaintiff called his security provider, ADT, to discuss a disputed charge on his bill. *Faulkner,* 706 F.3d at 1018. Plaintiff alleged he was informed that the telephone conversation was being recorded only after he inquired about the beeping sounds during the conversation. Id. Upon review of the district court's order dismissing the case, the Ninth Circuit concluded plaintiff had failed to "allege facts that would lead to the plausible inference that his was a confidential communication – that is, a communication that he had an objectively reasonable expectation was not being recorded." Specifically, the allegation that plaintiff called to "dispute a charge" was insufficient to lead to the plausible inference that plaintiff had an "objectively reasonable expectation of confidentiality." Id. at 1020.

Plaintiff's allegations in the present complaint are distinct from the allegations in *Faulkner*. Here, Plaintiff alleges the phone call concerned "a mutual client that was represented by the law office where Plaintiff is employed." (Dkt. No. 1 at ¶¶ 9.) The conversation allegedly included discussions "protected by the attorney-client privilege, such as the account

balance, past due amount, last payment and settlement offer," as well as "highly personal and private financial information that Plaintiff had not openly discussed with others." (Dkt. No. 1 at ¶¶ 9-10.) Given these allegations, and viewing them in the most favorable light to the plaintiff, the Court concludes that Plaintiff has sufficiently alleged that he had a reasonable expectation the conversation would not be recorded.

This conclusion is supported by the California Supreme Court decision in *Flanagan*. There, the California Supreme Court adopted the interpretation of "confidential communication" in which CIPA prohibits nonconsensual recording of conversations regardless of the content of the conversation or any expectation that the conversation may later be conveyed to a third party. *Flanagan,* 27 Cal. 4th at 776. As in Flanagan, Plaintiff need not plead the details of the conversation or allege that the conversation might be later relayed to third party. *See also Mirkarimi v. Nevada Prop. 1 LLC*, 12CV2160-BTM-DHB, WL 3761530 at *1. Taking the truth of all factual allegations in the light most favorable to the nonmoving party, the Court finds Plaintiff has sufficiently alleged the conversation was confidential to state a claim under Section 632. Accordingly, the Court **DENIES** Defendant's motion to dismiss.

## V. CONCLUSION

Plaintiff has sufficiently plead a violation of Section 632. For the aforementioned reasons, Defendant's motion to dismiss is **DENIED**.

**IT IS SO ORDERED.**

DATED: November 5, 2013

HON. GONZALO P. CURIEL
United States District Judge